UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PATRICK NOLAN, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS J. VILSACK, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> Defendant. | Case No: CV 14-08113 AB (FFMx) <br><br> **PROTECTIVE ORDER GOVERNING PRODUCTION AND USE OF DOCUMENTS PRODUCED IN THE CASE AND AUTHORIZING DEFENDANT TO RELEASE DOCUMENTS PROTECTED BY THE PRIVACY ACT** <br><br> Honorable Frederick F. Mumm <br> United States Magistrate Judge |

The Court, having read and considered the Parties' Stipulation for Protective Order Governing of Production and Use of Documents Produced in the Case and Authorizing Defendant to Release Documents Protected by the Privacy Act, and finding good cause therefore, hereby APPROVES the Stipulation and enters the following Protective Order herein:

## DEFINITIONS

1. The term "Parties" includes Plaintiff, Defendant, and their attorneys, including support staff regularly employed by Plaintiff's attorneys or by Defendant's attorneys.

2. All documents produced pursuant to the parties' prior Stipulation and this Protective Order shall be held in strict confidentiality and may be used solely for purposes of this case and/or any subsequent appeals in this case.

3. Plaintiff is permitted to review the items produced by Defendant to his attorneys and he may discuss the information contained therein with his attorneys; but Plaintiff shall not retain possession of any of those items or copies thereof, nor cause copies of any such documents, items or the information therein to be distributed or otherwise disseminated to others.

4. The Parties may use records produced by Defendant or third parties in all preparations for trial.

5. The Parties shall have the right to fully use the records produced by Defendant and any third parties at trial in this action, including without limitation, in the examination of any witnesses, and in the presentation of all types of evidence, in the making and defending of trial motions, in trial briefs, and in argument. If a party wishes to disclose records protected by the Privacy Act to persons requested to furnish expert or litigation services, other than their counsel, then said person(s) shall execute a written declaration substantially in the form of Exhibit "A" attached hereto. Nothing herein shall prohibit the Parties or counsel

from disclosing a document or its contents which constitute or contain information protected under the Privacy Act to the person the document identifies as an author or addressee of such document.

6. The Parties shall not disclose any "highly confidential information" about any former or current employee of USDA to third parties or to any other persons where such disclosure is not reasonably necessary to the conduct of this litigation. The term "highly confidential information" is defined as sensitive or personal information contained in records produced including, but not limited to, the social security numbers, dates of birth, and home addresses of USDA's current and former employees, and any other personally identifying information which is not reasonably necessary to the conduct of this litigation. In addition, any court reporting service involved in the preparation of a deposition which references "highly confidential information" shall not make such deposition transcripts available to anyone other than the Parties to this litigation.

7. The Parties shall not attach documents or records containing "highly confidential information" to any pleadings filed with the Court, nor include such "highly confidential information" in any pleading publicly filed with the Court, unless the records or information derived therefrom are filed under seal pursuant to and in accordance with Local Rule 79-5.1, or they are properly redacted pursuant to the Privacy Act prior to filing.

8. Any deposition testimony filed with the Court which includes "highly confidential information" or which incorporates records containing "highly confidential information" as exhibits shall be filed under seal pursuant to and in accordance with Local Rule 79-5.1, or properly redacted pursuant to the Privacy Act. Additionally, if any records containing "highly confidential information" are attached as exhibits to any deposition transcript, those exhibits shall be attached to

the original transcript in a sealed envelope pursuant to and in accordance with Local Rule 79-5.1, or properly redacted pursuant to the Privacy Act.

9. If any papers to be filed with the Court include information protected from disclosure by the Privacy Act, the proposed filing shall be accompanied by an application to file the papers or the portion thereof including such protected information (if such portion can be separated) under seal.  Such application shall be directed to the judge to whom the papers are directed.  See Local Rule 79-5.1.

10. The Parties shall have the right to fully use any records produced by Defendant and third parties pursuant to their prior Stipulation and this Protective Order in any appellate proceedings, including without limitation, in briefs and in argument.

11. Upon completion of this action, including any appeal, Plaintiff, his attorneys, experts, and other persons providing litigation services as referenced in paragraph 5 shall certify to the Court that they irretrievably destroyed all documents that have been produced pursuant to the parties' prior Stipulation and this Protective Order.  Plaintiff, his attorneys, experts, and other persons providing litigation services as referenced in paragraph 5 shall further certify that they have destroyed all copies and/or duplicates as defined by Rule 1001(4) of the Federal Rules of Evidence that they have made of such documents.

12. This Protective Order and the subsequent providing of documents by Defendant or any third parties shall, in no manner, affect the Parties' respective rights to object to the admissibility of any information contained in the released documentation.

13. Nothing herein shall be construed to preclude Defendant from asserting any applicable privilege and declining to produce records or information, or portions thereof, as Defendant deems appropriate.

14. Nothing herein shall be construed to preclude Plaintiff from challenging Defendant's assertion or assertions of privilege in court pursuant to the Federal Rules of Civil Procedure or any other governing authority.

15. This Protective Order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any legal claims and assertion of privilege in this action.

16. Plaintiff and his attorneys and Defendant and his attorneys shall be held responsible for any releases of the material protected under their prior Stipulation and this Protective Order which Defendant provides to Plaintiff and his attorneys in the course of this proceeding.

The Court further ORDERS that any pleading publicly filed with the Court which contains highly confidential information shall be redacted to delete the highly confidential information before filing.

**IT IS SO ORDERED.**

Dated: ___01/13/16_____

  /s/   Frederick F. Mumm
 FREDERICK F. MUMM
 UNITED STATES MAGISTRATE JUDGE